# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LYNN Z. SMITH,

    Appellant,

v.

CAROL L. KNOWLTON, ESQ.,

    Appellee.

Civ. No. 18-14350

**OPINION**

RECEIVED
OCT 17 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Application filed by Appellant Lynn Z. Smith ("Appellant") to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.) For the reasons stated herein, Appellant's Application is denied.

## LEGAL STANDARD

In considering an application to proceed *in forma pauperis*, the court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the litigant must file an application that includes an affidavit of indigence stating the individual's total income, assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Second, the court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1. As under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]o survive

dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted).

## DISCUSSION

In this case, Appellant has not filed an affidavit of indigence stating her income, assets, and inability to pay filing fees. *See* Application to Proceed In Forma Pauperis—Non Prisoner (AO 239), http://www.njd.uscourts.gov/forms/application-proceed-forma-pauperis-non-prisoner-ao-239 (last visited Oct. 15, 2018) (providing an appropriate template for the required affidavit). Instead, Appellant attaches to her Application previous grants by other courts allowing her to proceed *in forma pauperis*. (ECF No. 1-2.) She adds that her "underlying financial condition is basically the same or worse" than it was previously. (*Id.*) However, Appellant's financial situation cannot be assessed properly without an affidavit as required by § 1915(a). Appellant's Application therefore fails at step one, and the Court need not consider step two of the inquiry.

## DISCUSSION

For the foregoing reasons, Appellant's Application to proceed *in forma pauperis* is denied. An appropriate Order will follow.

Date: 10/17/18

ANNE E. THOMPSON, U.S.D.J.