## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LYNN Z. SMITH,

          Appellant,

v.

MANASQUAN BANK, and NEW
JERSEY BUREAU OF SECURITIES,

          Appellees.

Civ. No. 18-14350

**OPINION**

R E C E I V E D

NOV 2 0 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on the renewed Application filed by Appellant Lynn Z. Smith ("Appellant") to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (Application, ECF No. 10.) For the reasons stated herein, Appellant's Application is denied, and the appeal is dismissed.

### LEGAL STANDARD

In considering an application to proceed *in forma pauperis*, the court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the litigant must file an application that includes an affidavit of indigence stating the individual's total income, assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Second, the court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money

1

damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1. As under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]o survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted).

## DISCUSSION

At the first step of the inquiry, Appellant's take-home pay is $5,377.02 per month. (Application at 1.) However, she avers that her checking account carries a negative balance and that she incurs substantial monthly expenses, including expenses related to eviction from her home. (*Id.* at 2–3.) These expenses total $6,636.78 per month. Although Appellant's monthly income is substantial, her many monthly expenses could make her sufficiently indigent to proceed *in forma pauperis*.

At the second step of the inquiry, however, this appeal fails to state a claim upon which relief may be granted. Appellant appeals an Order by the Bankruptcy Judge that (1) denied Appellant's Application to Shorten Time; and (2) denied Appellant's Motion for Reconsideration of a previous order denying a Motion to permit closing of a reverse mortgage. (ECF No. 1-1.)

This Court has jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued [modifying the time periods to submit a plan of reorganization 11 U.S.C. § 1121]; (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). Appellant does not appeal a final judgment, order or decree, as the Order being appealed did not resolve the bankruptcy matter with anything resembling finality. Nor does Appellant appeal an order or decree modifying time periods to submit a plan of

2

reorganization. Rather, this is an appeal of an interlocutory order; such an appeal requires leave of this Court.

The Court will hear an interlocutory appeal of an order when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Hon. William L. Norton Jr. et al., Norton Bankruptcy Law & Practice § 170:14 (3d ed., Oct. 2018 update) (stating that § 1292(b) provides guidance for a district court determining whether to hear interlocutory appeals of a bankruptcy court order). Here, Appellant has not shown that the Bankruptcy Court Order involves a controlling question of law, nor has she shown that there is substantial ground for difference of opinion. Additionally, hearing this appeal would not advance the ultimate termination of the litigation. To the contrary, Appellant's appeal of this order would further protract litigation.

For these reasons, the Court has no reason to grant leave to hear this interlocutory appeal. The appeal therefore fails to state a claim upon which relief may be granted. For these reasons, the Application to proceed *in forma pauperis* must be denied, and the appeal is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, Appellant's Application to proceed *in forma pauperis* is denied, and the appeal is dismissed. An appropriate Order will follow.

Date: 11/20/18

ANNE E. THOMPSON, U.S.D.J.

3