NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LYNN Z. SMITH, | Civ. No. 18-14350 |
| Appellant, | **OPINION** |
| v. | |
| MANASQUAN BANK and NEW JERSEY BUREAU OF SECURITIES, | |
| Appellees. | |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on the Motion for Reconsideration filed by Appellant Lynn Z. Smith ("Appellant"). (ECF No. 17.) Bankruptcy Trustee Andrea Dobin opposes. (ECF No. 18.) For the reasons stated herein, Appellant's Motion is denied.

### BACKGROUND

In this bankruptcy appeal, Appellant seeks this Court's review of an Order by the U.S. Bankruptcy Judge that (1) denied Appellant's Application to Shorten Time, and (2) denied Appellant's Motion for Reconsideration of a previous order denying a Motion to permit closing of a reverse mortgage. (ECF No. 1-1.)[1] The Court, in deciding Appellant's Application to proceed *in forma pauperis*, found that Appellant failed to state a claim upon which relief could be granted and dismissed the appeal. (ECF Nos. 15 (Op.), 16 (Order).) It did so because Appellant seeks to appeal an interlocutory order from the Bankruptcy Court, and the District

---

[1] Appellant has requested that this Appeal be heard by a Bankruptcy Appellate Panel. (Letter Brief at 2, ECF No. 2.) 28 U.S.C. § 158(b)(1) provides for the establishment of such panels, but the Third Circuit has not established one. For this reason, this appeal must come before a District Court judge rather than a Bankruptcy Appellate Panel.

Court will hear such appeals only when "[the interlocutory] order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." (Op. at 3 (quoting 28 U.S.C. § 1292(b)) (citing Hon. William L. Norton Jr. et al., Norton Bankruptcy Law & Practice § 170:14 (3d ed., Oct. 2018 update)).) Applying that standard, the Court explained:

> Here, Appellant has not shown that the Bankruptcy Court Order involves a controlling question of law, nor has she shown that there is substantial ground for difference of opinion. Additionally, hearing this appeal would not advance the ultimate termination of the litigation. To the contrary, Appellant's appeal of this order would further protract litigation.

(*Id.*)

On December 6, 2018, Appellant filed the present Motion asking the Court to reconsider its ruling dismissing the case. Trustee Andrea Dobin opposed on December 26, 2018. (ECF No. 18.) A reply brief was due January 2, 2019, *see* L. Civ. R. 7.1(d); https://www.njd.uscourts.gov/sites/njd/files/2019motioncalendar.pdf, but none was filed. The Motion is presently before the Court.

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *E.g.*, *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *E.g.*, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is it an opportunity to ask the Court to rethink what it has already thought through. *E.g.*, *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *E.g.*, *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or prevention of manifest injustice. *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citation omitted).

## DISCUSSION

Appellant does not present new law or new evidence; instead she alleges clear error of law in—and manifest injustice from—the Court's Order.

Appellant has not demonstrated clear error. The Court's Opinion found that interlocutory appeal was not appropriate because (1) there had been no showing that the appeal involves a controlling question of law as to which there exists substantial grounds for difference of opinion, and (2) allowing the appeal would not materially advance the ultimate termination of the case. As to the first piece, Appellant claims that the Bankruptcy Court was wrong to disallow her from closing a reverse mortgage on her home (Appellant's Br. at 12–14), but she has not shown that this decision was legally deficient, or that another court might have ruled the other way. Appellant also argues that the State of New Jersey's roughly $809,000 claim was fraudulent (*id.* at 2–9, 13), but this is not related to the appeal at hand, which addresses only the Bankruptcy

Court's refusal to shorten time and to reconsider its previous order denying the closing of a reverse mortgage.

As for the second piece, Appellant claims that the Trustee, Bankruptcy Judge, and District Court judge have "waste[d] court time" previously (*id.* at 14–15), but that elides the issue of whether *this appeal* would delay the case further. Appellant also claims that allowing a reverse mortgage would resolve the case quickly because

> the bank and the undisputed creditors would be paid in full well inside to months and by owning my home, if the state [a creditor], or Ms. Knowlton or the IRS prove their claims, there would be $1.25 million available after the normal sale of my home which would be permitted by a normal Chapter 7 Trustee seeking to maximize the cash value of the estate, as opposed to this trustee who wants to take care of the Rabbis in Lakewood and does not care that her trifling auction does not provide for full cash settlements to the state, Ms. Knowlton or the IRS, since it yielded 45% of the market value of my home and property. . . . By [the end of January], the State of New Jersey will be deciding whether to continue the pretense or be held responsible for the theft of $5+ billion[.]

(*Id.* at 15.) As Appellant has identified, hearing this appeal and allowing a reverse mortgage would not lead to the termination of this case, because termination would also require (1) the re-sale of Appellant's home, (2) the substitution of the current Trustee with a "normal" Trustee, and (3) the decision by the State of New Jersey to renege the "pretense" of its current $809,000 claim. By Appellant's own logic, a successful outcome in this appeal would not terminate the case.[2]

Finally, Appellant argues that denying reconsideration here would result in manifest injustice because the Court's refusal to hear this appeal would deny "equal protection under the law [as well as her] civil, due process and property rights." (*Id.* at 9.) To the contrary, Appellant

---

[2] Appellant points to another quick end to this case: "[A]t the end of the proposed orders of the January 31st motion, I pledged to drop my District Court appeal and all other litigation upon the granting of the motion for a stay to pay that had a 37-day time limit with performance deadlines every step of the way." (*Id.* at 10.) But this motion was not docketed in the Bankruptcy Court (*id.*) and is therefore irrelevant to the present appeal.

will have the opportunity to seek this Court's full review of the Bankruptcy Court's handling of this case once a final judgment has been reached. *See* 28 U.S.C. § 158(a)(1).

In sum, Appellant has not met the extremely high burden on a motion for reconsideration of demonstrating that the Court committed clear error or that reconsideration is necessary to prevent manifest injustice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Appellant's Motion for Reconsideration is denied. An appropriate Order will follow.

Date:   1/10/19            

                                                         */s/ Anne E. Thompson*          .
                                                      ANNE E. THOMPSON, U.S.D.J.